**ALAN G. DOWLING, ESQ.** (Cal. SBN 70686)
Email address:   agdowling@aol.com
**ALAN G. DOWLING,**
**A PROFESSIONAL CORPORATION**
1043 Pacific St., No. 1
Santa Monica, California 90405
Telephone (cell): 818-679-6395
Fax:  424-238-5366
*Attorneys for Plaintiff*s
*FRANCOIS & COMPANY, LLC,*
*THIERRY FRANCOIS & COMPANY, INC.,*
*and THIERRY FRANCOIS*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCOIS & COMPANY, LLC,** a Georgia limited liability company, **THIERRY FRANCOIS & COMPANY, INC.,** a Georgia corporation, and **THIERRY FRANCOIS,** an individual, Plaintiffs, vs. **JAMON KIRT NADEAU, also known as "Jay Nadeau,"** an individual; **CRYSTAL BLAKE NADEAU,** an individual; **MAISON, LLC,** a California limited liability company; **LA MAISON MOSAICS, LLC,** a California limited liability company; **JC NADEAU LLC**, a California limited liability company, dba "**JCN, LLC;**" and DOES 1 through 10, inclusive, Defendants. | Case No. 5:18-cv-00843-SJO-PLA Hon. S. James Otero, U.S. District Judge **OPPOSITION OF PLAINTIFFS TO DEFENDANTS' "MOTION FOR RELIEF FROM FINAL JUDGMENT;" MEMORANDUM OF POINTS AND AUTHORITIES** Complaint Filed:     4/23/2018 Hg. Date:            3/23/2020 Time:                10:00 a.m. Location:            Ctrm. 10C, 10th Flr. US District Court 350 W. First St. Los Angeles, CA 90012 [Default Judgment Entered 5/29/2019] Sched. Conf., Final Pretr. Conf. and Trial Dates:     Not Set |

ALAN G. DOWLING, A PROFESSIONAL CORPORATION Santa Monica, CA

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

# **TABLE OF CONTENTS**

Pg.

**MEMORANDUM OF POINTS AND AUTHORITIES**   **1**

I.   **SUMMARY OF FACTS**   **1**

II.   **ARGUMENT**   **5**

   A. DEFENDANTS FAIL TO ESTABLISH GROUNDS

     FOR RELIEF FROM THE DEFAULT JUDGMENT

     IN THIS ACTION UNDER F.R.C.P. 60(b).   **6**

     1.  Plaintiffs Fail to Prove That the Judgment is Void

        [FRCP60(b)(4)].   **6**

     2.  Defendants Fail to Prove Mistake, Inadvertence,

        Surprise or Excusable Neglect [FRCP 60(b)(1).   **10**

        --No "Meritorious Defense"   **11**

        --Prejudice to Plaintiffs   **17**

        --Defendants' Culpable Conduct   **18**

     3.  Defendants Fail to Prove the Judgment Was

        Procured by Fraud, Misrepresentation or

        Misconduct by Plaintiffs [FRCP60(b)3)].   **19**

     4.  Defendants Fail to Demonstrate "Any Other Reason

        That Justifies Relief" [FRCP 60(b)(6)].   **20**

   B. DEFENDANTS FAIL TO ESTABLISH GROUNDS

     FOR DISMISSAL OF THIS ACTION UNDER

     F.R.C.P. 12(b)(2) or (5).   **20**

     --Personal Jurisdiction   **21**

     --Validity of Service   **22**

i

**C. DEFENDANTS FAIL TO ESTABLISH A BASIS FOR QUASHING THE SUBPOENAS DUCES TECUM PERSONALLY SERVED UPON THEM IN DECEMBER 2019 UNDER F.R.C.P. 45 (d)(3).**   **22**

**D. ANY RELIEF FROM DEFAULT SHOULD BE CONDITIONAL.**   **24**

III.   **CONCLUSION**   **25**

ii

1

## TABLE OF AUTHORITIES

2

Pg.

3 **STATUTES**

4
Calif. Civ. Code 3439.02                                          11
5 Calif. C.C.P. 415.20                                            6

6 **RULES OF COURT**

7
*Federal Rules of Civil Procedure:*
8

9 FRCP 4(a)(2)                                                     9
FRCP 12(b)                                                        20
10 FRCP 12(b)(2)                                                  20,21
11 FRCP 12(b)(5)                                                  20,22
FRCP 45                                                           22
12 FRCP 45(a)(1)(A)(iii)                                          22
13 FRCP 45(c)                                                     23
FRCP 45(d)(2)(B)                                                  23
14 FRCP 45(d)(3)                                                  22,23
15 FRCP 55[c]                                                     24
FRCP 60(b)                                                        5,6,24
16 FRCP 60(b)(1)                                                  6,10
17 FRCP 60(b)(3)                                                  6,19
FRCP 60(b)(4)                                                     6
18 FRCP 60(b)(6)                                                  6,20
19 FRCP 60[c](1)                                                  5
FRCP 60(d)(3)                                                     19n6
20

21 **CASES**

22
*Ackra Direct Marketing Corp. v. Fingerhut Corp.*
23       (8th Cir. 1996) 86 F3d 852                               11
*Alexander v. Robertson* (9th Cir. 1989) 882 F2d 421
24       (9th Cir. 1989) 882 F2d 421                              19
25 *American Ass'n of Naturopathic Physicians v. Hayhurst*
       (9th Cir. 2000) 227 F3d 1104                              10-11
26 *Benny v. Pipes*
27       (9th Cir. 1986) 799 F2d 489                              18

28

*Blair v. City of Worcester*
(1st Cir. 2008) 522 F3d 105                                                8
*Bricklayers & Allied Craftworkers Local 2, Albany, N.Y.*
        *Pension Fund v. Moulton Masonry & Const., LLC*
        (2nd Cir. 2015) 779 F3d 182                                       11
*Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*
        (Fed. Cir. 1993) 12 F3d 1080                                     20n6
*Chan v. Society Expeditions, Inc.*
        (9th Cir. 1994) 39 F3d 1398                                       9
*CollegeSource, Inc. v. AcademyOne, Inc.*
        (9th Cir. 2011) 653 F3d 1066                                      21
*Cracco v. Vitran Express, Inc.*
        (7th Cir. 2009) 559 F3d 625                                        5
*Crane v. Battelle*
        (SD CA 1989) 127 FRD 174                                           9
*Daimler AG v. Bauman*
        (2014) 571 US 117, 139, 134 S.Ct. 746                             21
*Days Inns Worldwide, Inc. v. Patel*
        (6th Cir. 2006) 445 F3d 899                                        5
*De Saracho v. Custom Food Machinery, Inc.*
        (9th Cir. 2000) 206 F3d 874                                       19
*Durukan America, LLC v. Rain Trading, Inc.*
        (7th Cir. 2015) 787 F3d 1161                                       7
*Falk v. Allen*
        (9th Cir. 1984) 739 F2d 461                                       18
*Foy v. Dicks*
        (ED PA 1993) 146 FRD 113                                          11
*Goodyear Dunlop Tires Operations, S.A. v. Brown*
        (2011) 564 US 915, 131 S.Ct. 2846                                 21
*Gross v. Stereo Component Systems, Inc.*
        (3rd Cir. 1983) 700 F2d 120                                       18
*Gucci America, Inc. v. Gold Ctr. Jewelry*
        (2nd Cir. 1998) 158 F3d 631                                      18-19
*Hill v. Sands*
        (ND IL 1975) 403 F.Supp. 1368                                    9n3
*In re DG Acquisition Corp.*
        (2nd Cir. 1998) 151 F3d 75                                        23
*Jenkens & Gilchrist v. Groia & Co.*
        (5th Cir. 2008) 542 F3d 114                                       12
*J. McIntyre Machinery, Ltd. v. Nicastro*
        (2011) 564 US 873, 131 S.Ct. 2780                                 21

iv

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Libertad v. Welch*
　　(1st Cir. 1995) 53 F3d 428 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Meadows v. Dominican Republic*
　　(9th Cir. 1987) 817 F2d 517 . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,18

*Milliken v. Meyer*
　　(1940) 311 US 457, 61 S.Ct. 339 . . . . . . . . . . . . . . . . . . . . . . . . 21

*Mineo Yoshida v. Daikokuya Co., Ltd.,*
　　2008 WL 11338257 (C.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . 22n7

*Moon v. SCP Pool Corp.*
　　(CD CA 2005) 232 FRD 633 . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*NewGen, LLC v. Safe Cig, LLC*
　　(9th Cir. 2016) 840 F3d 606 . . . . . . . . . . . . . . . . . . . . . . . . . . 10,18

*Nilsson, Robbins et al. v. Louisiana Hydrolec*
　　(9th Cir. 1988) 854 F2d 1538 . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Philos Technologies, Inc. v. Philos & D, Inc.*
　　(7th Cir. 2011) 645 F3d 851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*
　　(1993) 507 US 380, 113 S.Ct. 1489 . . . . . . . . . . . . . . . . . . . . . 10,20

*Powerserve Int'l, Inc. v. Lavi*
　　(2nd Cir. 2001) 239 F3d 508 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Pumphrey v. K.W. Thompson Tool Co.*
　　(9th Cir. 1995) 62 F3d 1128 . . . . . . . . . . . . . . . . . . . . . . . . . . . 19n6

*SEC v. Internet Solutions for Business Inc.*
　　(9th Cir. 2007) 509 F3d 1161 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sikhs for Justice v. Badal*
　　(7th Cir. 2013) 736 F3d 743 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Stephenson v. El-Batrawi*
　　(8th Cir. 2008) 524 F3d 907 . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,19

*Taylor v. Johnston,*
　　15 Cal. 3d 130 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*TCI Group Life Ins. Plan v. Knoebber*
　　(9th Cir. 2001) 244 F3d 691 . . . . . . . . . . . . . . . . . . . . . . . . . . 10,18

*Tri-Continental Leasing Corp., Inc. v. Zimmerman*
　　(ND CA 1980) 485 F.Supp. 495 . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Trueblood v. Grayson*
　　(ED VA 1963) 32 FRD 190 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Turner v. Correctional Med. Services, Inc.*
　　(D DE 2009) 262 FRD 405 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Aguilar*
　　(9th Cir. 2015) 782 F3d 1101 . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

v

*United States v. Alpine Land & Reservoir Co.*
    (9th Cir. 1993) 984 F2d 1047      20
*Wehrs v. Wells*
    (7th Cir. 2012) 688 F3d 886      11
*Whitlow v. Martin*
    (CD IL 2009) 263 FRD 507      23

vi

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs FRANCOIS & COMPANY, LLC, THIERRY FRANCOIS & COMPANY, INC., and THIERRY FRANCOIS respectfully submit the following points and authorities in opposition to the motion of Defendants CRYSTAL BLAKE NADEAU, JAMON KIRT NADEAU (aka "Jay Nadeau) and MAISON, LLC for relief from the final Judgment entered in this action on May 29, 2019 (DN 41).[1]

### I.   SUMMARY OF FACTS

The parties to this action engaged in a series of business transactions in 2016-2017 that were aimed at effecting the take-over by Defendants of an existing company that had been operated for years up to then by Plaintiffs.  The parties began working together out of Plaintiffs' Georgia facilities, under the name La Maison Mosaics, LLC, a Georgia limited liability company, in mid 2016.  In early 2017, for a variety of reasons, La Maison Mosaics, a Georgia limited liability company, was converted to a California LLC with the same name La Maison Mosaics, LLC), to be managed day-to-day by Defendants in new facilities in California, and that new (California) LLC thereby acquired the former business's assets and assumed its liabilities.

At the same time, in early to mid 2017 the parties were discussing a potential arrangement whereby the Nadeaus would eventually take over the entire business, once having fully paid the debts to Plaintiffs that were already overdue.  By mid 2017, however, that proposed arrangement fell apart, and it was never finally agreed to or consummated.  Defendants (who had already surreptitiously formed yet another new LLC for the purpose of taking over the ongoing business) then wrongfully abandoned the business without notice to Plaintiffs, leaving the substantial debts owed but unpaid to Plaintiffs on several promissory notes.  Defendants withheld

---

[1] In this brief, references to "DN," e.g., "DN 41," refer to the Court's docket in this action, and the document number therein.

ALAN G. DOWLING, A PROFESSIONAL CORPORATION
SANTA MONICA, CA

1 business documentation and information from Plaintiffs, failed to respond to
2 communications, and essentially absconded with the entire business, thereafter
3 carrying it on under a different name (Maison LLC, dba Maison Surface, which they
4 had formed three months before).  The foregoing background of the company and its
5 demise are detailed in the Declaration of Thierry Francois filed concurrently
6 herewith, at Paras. 3-14.  (See also, Declaration of Thierry Francois, 9/10/2018, DN
7 33-6, Paras. 12, 24-26, 29-34, 36-41, 49-52, 62-75, and 91-94.)

8       This action was filed in April 2018.  (Complaint, DN 1.)  The summons and
9 complaint were served on Defendants in May-June 2018 (DNs 25-29 inclusive);
10 default was entered in July 2018 (DN 31); entry of default judgment was sought in
11 September 2018 (DNs 33-37 inclusive) with all the papers being served on
12 Defendants (see DN 37); the Court issued its "Order Granting in Part [and denying
13 in part] Plaintiffs' Motion for Default Judgment and Request for Attorneys' Fees
14 Without Prejudice" in January 2019; Judgment was entered on May 29, 2019 (DN
15 41); Plaintiffs obtained issuance of orders to Defendants to appear for judgment
16 debtor examinations, service of which Defendants evaded in October 2019; Plaintiffs
17 had to have the orders re-issued in December 2019 and, on December 22, 2019, all
18 five Defendants were served, by personal service on Crystal and Jamon Nadeau, with
19 the Judgment, the orders for judgment debtor examinations to take place February
20 19, 2020, and subpoenas requiring production of documents on February 5, 2019,
21 which Defendants failed to do (nor did they timely object to the subpoenas, thereby
22 waiving objections).  Instead, on the eve of the judgment debtor examinations,
23 Defendants filed their instant motion for relief from the default judgment (also
24 purporting to seek dismissal of the action, and to quash the subpoenas).  The
25 foregoing procedural history of this action is set forth in the Declaration of Alan G.
26 Dowling, filed concurrently herewith, at Paras. 7-17 inclusive.

27       Throughout the business relationship of the parties to this action, in particular
28 from early 2017 on, Defendants conduct evinced a pattern of concealment,

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

2

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

obfuscation, delay and evasion of their business and legal obligations.  That is, after all, why the relationship broke down.  It is no surprise, therefore, that despite being served with the summons and complaint in mid-2018 (by substituted service, i.e., leaving copies at their home address and mailing follow-up copies there as well), they defaulted.  Nor is it a surprise that upon being served by mail in September 2018 with all the papers supporting the motion for entry of default judgment (which they received, but refused and returned to the postal service) they continued to try to ignore and evade this action, feigning ignorance.  Their attempts to evade service of additional litigation papers continued in Fall 2019.  Only when they were personally served on December 22, 2019,  with a copy of the Judgment, orders for judgment debtor examinations and subpoenas did they finally realize that they had no more escape.  So they're now resorting to a "Hail Mary" pass in the hope of evading responsibility for their misconduct again and an attempt to postpone their judgment day.

The facts and documentary evidence establishing service of process upon Defendants over the nearly two years since this action was filed are set forth in  the Proofs of Service (DNs 25-29, inclusive) and Amended Proofs of Service (being filed concurrently herewith) prepared by Plaintiff's registered process servers, pertaining to the May-June 2018 service upon Defendants of the Summons and Complaint, the Supplemental Declaration of Alan G. Dowling (DN 37) pertaining to the September 2018 service upon Defendants of the papers comprising Plaintiff's Application for Entry of Default Judgment by the Court, and the Proofs of Service prepared by Plaintiff's registered process servers pertaining to the December 2019 service upon Defendants of the Orders to appear at judgment debtor examinations, subpoenas, the Judgment and a letter from Plaintiff's counsel (being filed concurrently herewith).

Defendants go to great lengths to insist they were not at home on May 28, 2018, when, after due diligence, the papers were left with a man then present at their (undisputed) home address.  Of course, *nobody has said they were home at that time*

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

3

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

-- their presence there at that time is not in dispute—that is why it was *substituted service*.   They also disingenuously claim never to have received the following up mailings of five packages (one for each defendant) at that same address a week later. They ignore the fact that they received at their home five packages (one for each defendant) in September 2018 containing all of the papers comprising the motion for entry of default judgment—though, having received them, they wrote "refused" on them and returned them to the postal service.   (See DN 37, Paras. 2-4 and Exh A.) They claim they still knew nothing of this litigation in Fall 2019, even as they were evading service of the initial judgment debtor orders.   Though they could have said so in their declarations, the Nadeaus do NOT claim that they had *no knowledge whatsoever* of this case until the personal service on December 22, 2019; rather, they assert "We never received, by mail or otherwise, any of the documents related to this case until being served with the Subpoena on December 22, 2019."   (DN 64-1, Para. 30; DN 64-14, Para. 20.)

This litigation was no surprise or secret from the Nadeaus.   By late 2017, the parties' short-lived business venture was already on its last legs.   On November 13, 2017, James Tenney, attorney for Plaintiff Thierry Francois and his companies, wrote to Crystal Blake Nadeau and Jamon Kirt ("Jay") Nadeau, and La Maison Mosaics LLC, describing their ongoing breach of their obligations, insisting on immediate meaningful communication and complete disclosure of all material information (operational and financial) relating to the company, and stating unequivocally that, unless that were received, Mr. Francois and his company would pursue their legal remedies and undertake "forceful legal action," potentially including taking over operation of the company. Two days later, the Nadeaus responded only that La Maison Mosaics LLC had a value of "$0," and that they would "no longer be participating in the LLC."   (DN 33-2, Exh U at pp. 136-138.)

On December 19, 2017, Mr. Francois' attorney, Mr. Tenney, demanded that the Nadeaus turn over the business records and other tangible materials of the

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

4

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

1   company within a weeks' time, and stating "Please be further advised that California

2   counsel has been retained to evaluate any and all claims that may exist against you

3   with respect to your management of LMM. . . . <u>Please be advised accordingly</u>."

4   (Emphasis in original.) (See Plaintiffs' Compendium of Exhibits Cited in Support of

5   Plaintiff's Application for Entry of Default Judgment by the Court, Request for

6   Judicial Notice, and Request for Award of Extraordinary Attorneys' Fees, 9/10/18,

7   DN 33-2, Exh. U at pp. 135-141.)

8        Under the circumstances, it would be completely disingenuous for the Nadeaus

9   to feign ignorance that litigation was imminent, and their secretive and non-

10  cooperative  behavior in the months up to that point, as well as their surreptitious

11  attempt to cancel the very LLC formed as the business's corporate vehicle,

12  underscores their ongoing intent to avoid answering to Mr. Francois for their acts and

13  omissions.

14       **II.    ARGUMENT**

15       A motion for relief must be brought diligently and within a reasonable time.

16  [FRCP 60(c)(1); *Meadows v. Dominican Republic* (9th Cir. 1987) 817 F2d 517, 520-

17  521].  This is judged by the diligence of the moving party and the intervening

18  prejudice, if any, to plaintiff. [*Cracco v. Vitran Express, Inc.* (7th Cir. 2009) 559 F3d

19  625, 631].  Thus, the court had discretion to deny a Rule 60(b) motion where

20  defendant *waited almost a year* after he was served with the complaint and a motion

21  for entry of default judgment before seeking relief, even though his default was

22  entered improperly, just 2 days after service of the complaint. [*Days Inns Worldwide,*

23  *Inc. v. Patel* (6th Cir. 2006) 445 F3d 899, 906-907].  This action has been pending

24  for nearly two years; default was entered nearly 20 months ago; Plaintiffs moved for

25  default judgment 18 months ago (serving the papers on Defendants, who refused

26  them and returned them to the postal service); the court ordered default judgment 14

27  months ago, and entered Judgment thereon nearly 10 months ago.

28       Defendants' delay in seeking relief from default, and in moving to set aside

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

5

the default judgment (not to mention their failure to timely object to subpoenas, and their failure to produce documents pursuant thereto) are unreasonable, inexcusable and contumacious.   For those reasons alone, this motion should be denied as untimely.

## A. DEFENDANTS FAIL TO ESTABLISH GROUNDS FOR RELIEF FROM THE DEFAULT JUDGMENT IN THIS ACTION UNDER F.R.C.P. 60(b).

Plaintiff, in passing, suggests that it is entitled to set aside the judgment under FRCP 60(b)(1), (3), (4) or (6).  However, plaintiff fails to meet its burden of proving any of the grounds set forth therein, and that alone is grounds for denial of the motion. [See *Meadows v. Dominican Republic* (9th Cir. 1987) 817 F2d 517, 521-522].

### 1. Plaintiffs Fail to Prove That the Judgment is Void [FRCP60(b)(4)].

Defendants' argument that the judgment is void is premised entirely upon the assertion that they were not properly served with the Summons and Complaint in May-June 2018.  That assertion is demonstrably false, not to mention inherently suspect.

Cal. C.C.P. 415.20, defining and governing "substituted service," states, in pertinent parts:

"(a) In lieu of personal delivery of a copy of the summons and complaint to the **person to be served** as specified in Section **416.10 [corporation]**, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her **usual mailing address**, other than a United States Postal Service post office box, **with the person who is apparently in charge thereof**, **and by thereafter mailing a copy** of the summons and complaint by first-class mail, postage prepaid **to the person to be served at the place where a copy of the summons and complaint were**

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

6

**left**. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed **complete on the 10th day after the mailing**.

(b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the **person to be served**, as specified in Section 416.60, 416.70, 416.80, or **416.90 [individual or any other "person not specified in this article"],** a summons may be served by leaving a copy of the summons and complaint **at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address** other than a United States Postal Service post office box, **in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address** other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, **and by thereafter mailing a copy** of the summons and of the complaint by first-class mail, postage prepaid **to the person to be served at the place where a copy of the summons and complaint were left.** Service of a summons in this manner is deemed **complete on the 10th day after the mailing. . . ."** *(Amended by Stats. 2017, Ch. 129, Sec. 1. (AB 1093) Effective January 1, 2018.) (**Bolding** and [bracketed notes] added.)*

Plaintiffs' proofs of service are "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." [*Durukan America, LLC v. Rain Trading, Inc.* (7th Cir. 2015) 787 F3d 1161, 1163 (internal quotes omitted)—reversal required where district court failed to hold evidentiary hearing to examine more fully defendant's affidavit he was not present where service allegedly took place; *Stephenson v. El-Batrawi* (8th Cir. 2008) 524 F3d 907, 912-913]. The return is generally accepted as *prima facie* evidence that service was effected and of the manner in which it was effected; this showing "can be overcome only by 'strong and

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

7

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

1   convincing' evidence." [*Sikhs for Justice v. Badal* (7th Cir. 2013) 736 F3d 743, 746

2   (collecting cases); *SEC v. Internet Solutions for Business Inc.* (9th Cir. 2007) 509

3   F3d 1161, 1166 (motion for relief from judgment); *Blair v. City of Worcester* (1st

4   Cir. 2008) 522 F3d 105, 112].

5        On their face, Plaintiffs' proofs of service, under oath by a registered

6   California process server, fully and convincingly evidence service on Defendants by

7   substituted service, effective as of June 15, 2018.

8        Defendants' attempts to invalidate certain of Plaintiffs' proofs of service are

9   to no avail.  The typographical error of printing "2017" at one point in the proof of

10  service for Maison, LLC, is both patently just that (a typo) and not subject to

11  reasonable misinterpretation, but the fact that it was meant to read "2018" is made

12  clear by all the other information throughout that same document, all of which details

13  multiple efforts at service, the dropping off of documents, and follow-up mailings,

14  all occurring in 2018.  Likewise, the inadvertent typographical error in describing the

15  recipient of the documents as "female" in the proof of service for JC Nadeau LLC

16  (not a moving party here) is contradicted by the identical descriptions properly

17  referred to as a "male" in all of the other four proofs of service (all taking place at

18  the same date, time and place and in the same manner, involving the same individual,

19  as the one containing the error.)  An inadvertent reference to a follow up mailing

20  having occurred on "May 28" instead of "June 5" (as specified for the other four

21  follow-up mailings, when all five were done at the same time) is likewise of no

22  consequence, especially when default was not entered until July 25, 2018.  Plaintiffs

23  have undertaken to obtain amended proofs of service correcting those typographical

24  mistakes.[2]

25  _____

26  [2] Defendants' suggestion that the process server's description of the man he left the papers with
    does not match a description of either of the Nadeaus is a red herring.  The process server <u>does not</u>

27  <u>claim</u> that the man, "John Doe," was in fact either Jamon Nadeau or Crystal Nadeau.  If that man
    had, for example, in fact been Jamon Nadeau, it would have been personal service, and so indicated,

28  rather than substituted service.

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

8

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

Dismissals for defects in form are generally disfavored. Such defects are considered "technical" and hence not ground for dismissal unless defendant demonstrates *actual* prejudice. [*Chan v. Society Expeditions, Inc.* (9th Cir. 1994) 39 F3d 1398, 1404; *Libertad v. Welch* (1st Cir. 1995) 53 F3d 428, 440—only actual prejudice or "flagrant disregard of the requirements of the rules justifies dismissal"]. In such cases, defects may be cured by amendment under FRCP 4(a)(2), and the court may order the amended summons served on the defendant's attorney. [*Crane v. Battelle* (SD CA 1989) 127 FRD 174, 177]. [3]

The Nadeaus each assert (verbatim) that they did not "leave anyone behind" when they left their home at some unspecified time on May 28, 2018 (DN 64-1, Para. 27; DN 64-14, Para. 17.)  That, however, does not establish that there was nobody there at 8:17pm that night.  They assert they "did not have a house sitter" and nobody was "staying" at their home that day (DN 64-1, Para. 28; DN 64-14, Para. 18), but these "weasel words" are vague and inconclusive, as well.  Their claim to have "no idea who, if anyone could have answered the door" (DN 64-1, Para. 29; DN 64-14, Para. 19) is clearly speculative.  These statements, in short, are merely vague, conclusory and argumentative.  The assertion that prior to December 22, 2019, the Nadeaus never received any of the documents related to this case" is refuted not only by the process server's proofs of service (not only as to leaving the documents at the home with someone else, but as to the follow up mailing); they are also refuted by Plaintiff's counsel's declaration from September 2018 (DN 37, Para. 2-4 and Exh A) confirming that the five packages of papers comprising the motion for default judgment were delivered to Defendants at the Coolcrest Ave. address, via USPS overnight 1-day delivery, physically delivered to that address, where they were received and the word "refused" was handwritten on each package, and the packages

---

[3] Generally, if it appears that effective service can be made and there has been no prejudice to the defendants, the court will quash service rather than dismiss the action. [*Hill v. Sands* (ND IL 1975) 403 F.Supp. 1368, 1370].

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

9

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

were then returned to the postal service, which delivered them back to counsel.

In short, the Nadeau's statements do not either directly or conclusively refute the facts recited in either the proofs of service or counsel's declaration; they simply reflect that the Nadeaus did not know what happened at their home on the evening of May 28, 2017, in their absence, they think they can get away with blanketly asserting never having received anything, and they are brazen enough to try.

## 2. Defendants Fail to Prove Mistake, Inadvertence, Surprise or Excusable Neglect [FRCP 60(b)(1).

Rule 60(b)(1) provides that a party make seek relief on a showing of "mistake, inadvertence, surprise or excusable neglect." However, Defendants make no contention, much less any showing, of any mistake, surprise or inadvertence here.

If the <u>only</u> ground urged for relief is that the judgment is allegedly void, or was procured by fraud, no such showing would be required at all. But where, as here, Defendants assert other grounds, the three issues just described above must be addressed.

Where a party seeks relief from a default judgment on the ground of "excusable neglect," *all relevant circumstances* must be taken into account in determining whether the neglect was "excusable." [*Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership* (1993) 507 US 380, 395, 113 S.Ct. 1489, 1498]. Particular matters which may result in denial of relief include:

• *prejudice* to the nondefaulting party if relief is granted;

• *lack of a meritorious defense* by the defaulting party; and

• *culpable conduct* by the defaulting party causing the default. [See *TCI Group Life Ins. Plan v. Knoebber* (9th Cir. 2001) 244 F3d 691, 696 (overruled on other grounds as recognized by *NewGen, LLC v. Safe Cig, LLC* (9th Cir. 2016) 840 F3d 606, 616).

This tripartite test is "disjunctive," meaning that the district court is free to deny the motion on such grounds if *any* of these three factors is shown to exist. [*American*

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

10

1  *Ass'n of Naturopathic Physicians v. Hayhurst* (9th Cir. 2000) 227 F3d 1104, 1108-

2  1109].

3       Defendants ***fail to demonstrate that they have a "meritorious defense"*** to

4  Plaintiffs' claims.

5       Defendants devote a great deal of their motion to presenting a vague

6  suggestion, lacking in evidentiary support, that they have a "meritorious defense" to

7  Plaintiffs' claims.  They do not identify any such defense by category or name, and

8  do not address, much less contradict, specific elements of Plaintiffs' four salient

9  claims (the only four as to which the Court granted default judgment).  Notably, they

10  do not include with their papers a proposed Answer to the complaint.

11       The party seeking relief from default bears the burden of showing a defense

12  that might make the result at trial different from that reached by default. Failure to

13  do so is ground for denial of relief. [*United States v. Aguilar* (9th Cir. 2015) 782 F3d

14  1101, 1107].  A default judgment is rendered in an action to collect on a promissory

15  note. Unless defendant can show facts that would constitute a defense to the note, the

16  default judgment will not be set aside. [*Tri-Continental Leasing Corp., Inc. v.

17  Zimmerman* (ND CA 1980) 485 F.Supp. 495, 499 (overturned on other grounds due

18  to legislative action (Calif. Civ. Code 3439.02)); see also *Bricklayers & Allied

19  Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const.,

20  LLC* (2nd Cir. 2015) 779 F3d 182, 187—defendant must present more than mere

21  conclusory denials to show meritorious defense; *Trueblood v. Grayson* (ED VA

22  1963) 32 FRD 190, 196; *Foy v. Dicks* (ED PA 1993) 146 FRD 113, 116—"simple

23  denials and conclusionary statements" inadequate; *Wehrs v. Wells* (7th Cir. 2012)

24  688 F3d 886, 890-891—conclusory general denial without factual support

25  insufficient].

26       Moreover, where a party has engaged in willful misconduct or deliberately

27  failed to respond, the mere "existence of a meritorious defense does not prohibit

28  default judgment." [*Ackra Direct Marketing Corp. v. Fingerhut Corp*. (8th Cir. 1996)

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

11

86 F3d 852, 857; see *Jenkens & Gilchrist v. Groia & Co.*, supra, 542 F3d at 122].

The Judgment in this action embodies the findings and conclusions set forth in the Court's Order Granting in Part Plaintiffs' Motion for Default Judgment and Request for Attorneys' Fees without Prejudice (DN 39).  In that Order (pg. 21 of 26) the Court granted default judgment only "with respect to Plaintiffs' claims for (1) breach of fiduciary duty, (2) breach of oral contract, (3) breach of written contract, and (4) unfair competition."[4]

Consequently, in so far as Defendants now seek to allege facts as "meritorious defenses" as justification for setting aside the default judgment, only facts and defenses directly addressing these four claims for which default judgment was granted are relevant.  Any allegations of fact pertaining to the other claims (for which default judgment was denied) are not relevant, and are mere distractions and obfuscations, for purposes of the present motion.[5]

Defendants do not identify any specific *affirmative defenses* they would purport to raise in response to the four pertinent claims in the Complaint.  It must therefore be taken for granted, for purposes of this motion, that they have none.  Consequently, their "defense" must be taken solely to consist of attempts to refute Plaintiffs' specific factual allegations pertinent to the four salient claims.

Defendants' sole evidentiary proffer in support of the notion that they have a "meritorious defense" is set forth in part of the Declaration of Crystal Nadeau, in which she purports to give her version of various events underlying this case.  Much of what she says is irrelevant to this motion:  Since the default judgment was not

---

[4] All claims were against all Defendants.  The claims for breach of fiduciary duty was brought by Francois & Company, LLC and Thierry Francois; for breach of written contract and unfair competition, by Francois & Company LLC only; and for breach of oral contract, by Thierry Francois and Thierry Francois & Co., LLC.

[5] The Court expressly denied entry of default judgment as to Plaintiffs' claims for intentional misrepresentation, concealment and negligent misrepresentation (without prejudice), and for money had and received, open book account and account stated (with prejudice).  (DN 39, pg. 21 of 26.)

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

12

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

1    granted with regard to any of the claims for fraud, concealment or punitive damages,

2    all of her protestations of "good faith," innocent intentions, not having misled anyone

3    or made promises without intention to perform them, etc., are immaterial.  The issue

4    she is (or should be) addressing is whether Defendants have a meritorious defense *to*

5    *the claims as to which the Court granted default judgment—breaches of written and*

6    *oral contracts (the unpaid promissory notes and the May 1, 2016, Operating*

7    *Agreement), breach of fiduciary duties (violation of the Operating Agreement), and*

8    *unfair competition*.  Defendants' liability as determined by the Judgment is premised

9    on their own actions and roles.

10   Defendants were accused of, and found liable for, *breach of fiduciary duty*,

11   i.e., failing, as agents, corporate officers, partners in, and/or members or managers of

12   LMM LLLC (CA), to act as a reasonable careful agent, et al. would have acted under

13   the same and similar circumstances.   (Complaint, Paras. 40-46 inclusive).

14   Specifically, it was alleged and proven that Defendants, in particular Crystal and

15   Jamon Nadeau, violated numerous specific terms, conditions and prohibitions set

16   forth in the Operating Agreement they signed in 2016.

17   Defendants were accused of, and found liable for, *breach of written and oral*

18   *contracts*, to wit, the written contracts alleged in Paras. 24 and 25, and the oral

19   contracts alleged in Paras. 22 and 23.  Para. 24 refers to the three promissory notes

20   of March 31, 2017, executed by LMM LLC (GA) (with Crystal and Jay Nadeau as

21   signatories)  in favor of Francois & Company, LLC, totaling $143,375; Para. 25

22   describes the written agreements of May 4, 2017, whereby Mr. Pepin ceased to be

23   involved with LMM LLC (GA), assigning all of F&P Groups 70% interest in the

24   LLC to Mr. Francois, who replaced Mr. Pepin as Financial Manager of LMM LLC

25   (GA).  These contracts were breached by Defendant's acts and omissions detailed in

26   Paras. 35 and 39 (as to the written contract) and 31 and 32 (as to the oral contract).

27   Para. 35 alleges nonpayment of the three promissory notes.  Paragraph 39 details,

28   *inter alia*, the breaches by JC Nadeau, LLC acting through Crystal Nadeau, who also

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

13

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

served as Operating Manager of LMM LLC (GA), of at least 12 specified provisions of the May 1, 2016, Operating Agreement governing LMM LLC (GA) (and therefore also governing LMM LLC (CA) after the date of conversion), including withdrawing from the LLC without consent of all members, resigning as manager without prior notice, and taking action to cancel or dissolve JCN LLC (a member of LMM LLC (CA) and LMM LLC, and to withdraw from LMM LLC (CA).

Defendants neither refute nor offer any legally cognizable excuse for the nonpayment of the three promissory notes.  Defendants admit to having withdrawn from the LLC and to having "dissolved both JCN and LMM with the California Secretary of State (see Declaration of Crystal Nadeau, DN 4-1, Paras. 66), 68, neither of which was done with the knowledge or consent of Plaintiffs, and which therefore also put it out of the power of LMM LLC to perform its obligations to Plaintiffs (as observed by the Court in its Order Granting in Part Plaintiff's application for entry of default judgment (DN 39, citing *Taylor v. Johnston*, 15 Cal. 3d 130, 137 (1975)). (See also, Order Granting in Part Plaintiff's Motion for Default Judgment, DN 39, pgs. 8-9 of 26.)

Defendants were accused of, and found liable for, *unfair competition* (Complaint, Paras. 106-110).  They do not, in their motion,  address any aspect or element of the offense of unfair competition under Cal. Bus. & Prof. Code 17200 et seq., much less factually refute Plaintiffs' claim (or the Court's Judgment) with admissible evidence.  The findings and conclusions in the Court's Order Granting in Part Plaintiff's Motion for Default Judgment were substantiated (remain unrefuted) and are on point.  (DN 39, pgs. 11-12.)  No "meritorious defense" is established, or even hinted at.

Although Crystal Nadeau makes a bald, conclusory and argumentative (therefore inadmissible) assertion that "[a]t no time did Jay and I act as the alter ego of JCN or any other LLC" (DN 64-1, Para. 45) no specific facts or admissible evidence are offered to support that contention.  The findings and conclusions in the

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

14

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

Court's Order Granting in Part Plaintiff's Motion for Default Judgment squarely refute this assertion, as well.  (DN 39, pgs. 8-9).  Accordingly, no "meritorious defense" to that allegation is established, either.

Beyond all that, Crystal Nadeau's version of the factual background of this dispute is in significant parts inaccurate, ambiguous, conclusory or argumentative, contradicted by documentary evidence, and in some cases even self-contradicting. (See Decl. of Thierry Francois in Opposition to Defendants' Motion for Relief from Final Judgment, filed concurrently herewith, at Paras. 3-14 inclusive).

Among other things, the suggestion by Crystal Nadeau that she was nothing but a "worker bee" is especially disingenuous. In fact, she was largely responsible for all day to day operations of the company at its facility in Upland, CA, including among many other things the fulfillment of orders from the customers of the company, place through various showrooms around the country.  When LMM LLC (GA) was formed, F&P Group provided the funding (initially $50,000) in return for its 70% share of the company.  (DN 33-2, Exh. A, at pg. 57-- "Exhibit A" to the Operating Agreement.) The capital contribution of JC Nadeau LLC (referred to therein as "JCN LLC"), in return for which it got its 30% of the company, consisted of "All right, title, interest in and to any and all of the inventory, boards and intangible property, of any kind including technical know-how, trade secrets, trade names, domain registrations, URLs, designs, computer software, customer lists, technical documentation used by Crystal Nadeau in her sole proprietorship business located in Upland, California and operating under the tradenames Mosaic Haus, La Maison Mosaics, and Heritage Tile."  (Ibid.) That is, Crystal Nadeau already had an existing, ongoing sole-proprietorship business in Upland, CA, operating under several trade names (including La Maison Mosaics"), which had tangible and intangible property such as technical know-how, . . . designs, computer software, customer lists [and] technical documentation," in addition to one or more existing websites and trade names."  She was not just a "worker bee;" she was the "Queen Bee" of that business.

Crystal Nadeau also emphasizes that, at least prior to Spring 2017, the Nadeaus

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

did not handle the "financial decisions" of the company.  The company they are referring to was LMM LLC (GA), in which they were minority owners.  Per the May 1, 2016, Operating Agreement forming that company (DN 33-2, Exh A), the financing of the company (i.e. cash infusion) was to come from F&P Group (Messrs. Francois and Pepin), and that company operated out of their business facility in Georgia.  In Spring 2017, when Mr. Pepin and Mr. Francois decided to part ways, Mr. Francois initially replace Mr. Pepin (and Francois & Company, LLC, replaced F&P Group) in the business, and then discussion began about the proposed transitional deal whereby the Nadeaus would eventually acquire complete control of the business.  The company was converted to a California LLC (LMM LLC (CA)) in May 2017, the Nadeaus began operating it out of their Upland, CA location, and they took over day to day operations.  (Notably, as discussed elsewhere herein, when forming the California LLC, the Nadeaus did not disclose that there were any other owners or managers besides themselves, instead acting as if they were its sole owners and managers (although the Operating Agreement said otherwise.)  They so believed this that they claim it justified their surreptitious, unilateral cancellation and dissolution of that LLC in November 2017.  (DN 64-1, Para. 68.) Crystal Nadeau's suggestion that all "financial decisions" were handled exclusively by Mr. Francois, out of sight of the Nadeaus, is thus simply false and misleading.

Equally misleading is Crystal Nadeau's blanket assertion (DN 64-1, Para. __) that, after August 8, 2017, Mr. Francois "stopped communicating" with the Nadeaus.  It is patently false to say that they "tried desperately to reach Mr. Francois in September, October and November, 2017."  Rather, it was the Nadeaus who went incommunicado, while Mr. Francois, through his attorney Mr. Tenney (among other means), repeatedly asked the Nadeaus for information regarding the business's operations, about which he was increasingly concerned.  (Francois Decl., filed concurrently herewith, Paras. 10-11; DN 33-2, Exh U, Tenney letters.)  They failed and refused to provide any of the information, either in response to Mr. Tenney's letters, or even in response to a duly

issued subpoena in this action within the past 90 days.

More significantly, immediately after Mr. Francois suggested on August 8, 2017, that JCN LLC should pay the bills for Mr. Tenney's work on the documentation of the proposed transitional deal (since they would, in effect, be taking over the business, going forward), not only did JCN decline to do so, but <u>13 days later</u>, the Nadeaus surreptitiously formed Maison LLC, owned and managed exclusively by them (not coincidentally, the entity through which they have seamlessly continued Crystal Nadeau's business operations ever since then).   From early August through mid-November 2017, the Nadeaus concealed their intentions to abandon LMM LLC (CA).  On November 3, 2017, they cancelled and dissolved both JCN LLC and LMM LLC (CA) and dissolved them, in violation of the Operating Agreement, with no prior or subsequent notice to Mr. Francois and without his consent.  When Mr. Francois's attorney wrote the Nadeaus on November 13, 2017, confirming Mr. Francois's decision not to go forward with the proposed transitional deal, complaining of the Nadeaus' chronic failure to communicate, and threatening that Mr. Francois may have no alternative but to take over the operation of the business, the Nadeaus' response, two days later, was simply to announce "we will no longer be participating in the LLC."  Even then, they concealed the fact that the LLC no longer existed because they had unilaterally and surreptitiously cancelled and dissolved it 12 days earlier.  Now, they suggest to the Court that it was Plaintiffs who abandoned the business.

In short, Defendants have not met their burden of demonstrating, by admissible evidence, that they have a meritorious defense to any of the four claims by Plaintiffs on which default judgment was entered.  If anything, <u>Defendants have admitted the merit of those claims and underscored the correctness of the Court's Judgment.</u>

On the issue of ***prejudice to the Plaintiffs***, Defendants simply make the bald assertion that there will be "no prejudice," at least not solely due to the passage of time.

Suffice it to say that in the two years since the events in question, Defendants

ALAN G. DOWLING, A PROFESSIONAL CORPORATION
SANTA MONICA, CA

17

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

have destroyed the business entity that was the subject of this matter, LMM LLC (CA), claim that any physical assets of that business, other than promotional binders and display boards (DN 64-1, Para. 70), no longer exist, and have absorbed all aspects of the former business into their new business, presumably in such a way as to, by now, be untraceable (they hope).  By implication, they therefore assert that any of LMM LLC (CA)'s client lists and contact information, business documents, invoices, orders, sales materials, bills, bank statements, cash, bank accounts, inventory, office equipment, website information, or the like, have all disappeared into thin air in the interim.  Since all such materials were in the possession of Defendants, the delay on their part in appearing in this action and become subject to early discovery back in 2018, not to mention their refusal to provide such documents, things and information in response to subpoenas and judgment debtor examination orders now, has severely prejudiced Plaintiffs ability to ascertain the evidentiary details necessary to prove all aspects of its case, much less to enforce any judgment against Defendants.  Even imposing a condition of full payment of Plaintiffs' attorney's fees and costs incurred to date would not fully compensate for this prejudice sufficiently to justify granting relief from the Judgment at this late date.

Finally, relief from default will also be denied where the default resulted from ***defendant's "culpable conduct."*** [*Falk v. Allen* (9th Cir. 1984) 739 F2d 461, 463; and see *Benny v. Pipes* (9th Cir. 1986) 799 F2d 489, 494].  A defendant should not be able to cause the default and then later seek relief from it. [*Meadows v. Dominican Republic* (9th Cir. 1987) 817 F2d 517, 521-522].  Thus, for example, if the neglect was *not excusable*, relief from default will be denied due to defendant's "culpable" conduct. [See *Gross v. Stereo Component Systems, Inc.* (3rd Cir. 1983) 700 F2d 120, 123-124; *TCI Group Life Ins. Plan v. Knoebber* (9th Cir. 2001) 244 F3d 691, 698 (overruled on other grounds as recognized by *NewGen, LLC v. Safe Cig, LLC* (9th Cir. 2016) 840 F3d 606, 616).].  In particular, a deliberate default for purposes of delay or other strategic reason may be culpable conduct. [*Gucci America, Inc. v. Gold*

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

18

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

*Ctr. Jewelry* (2nd Cir. 1998) 158 F3d 631, 634—default judgment proper where [as here] defendants deliberately decided not to respond to plaintiff's damages application; *Stephenson v. El-Batrawi* (8th Cir. 2008) 524 F3d 907, 913-914—evading service of process is culpable conduct.].  Defendants argument that they engaged in no culpable conduct is premised entirely on the bald suggestion that they had no knowledge of the lawsuit until December 22, 2019.  As discussed elsewhere herein, this is demonstrably false, not to mention not credible.

### 3.  Defendants Fail to Prove the Judgment Was Procured by Fraud, Misrepresentation or Misconduct by Plaintiffs [FRCP60(b)3)].

FRCP 60(b)(3) provides that relief may be granted where there is "fraud … misrepresentation, or other misconduct by an opposing party."  However, "[t]o obtain relief under Rule 60(b)(3), the movant must prove that: (1) the party maintained a meritorious claim [defense] at trial; and (2) because of the fraud, misrepresentation, or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial."  [*De Saracho v. Custom Food Machinery, Inc.* (9th Cir. 2000) 206 F3d 874, 880].  Defendants make absolutely no showing whatsoever of any of these elements.  It would be a "fruitless gesture" to set aside the judgment if defendant has no valid defense or counterclaim. [*Alexander v. Robertson* (9th Cir. 1989) 882 F2d 421, 424—D who had no valid defense could not obtain relief on ground codefendant's counsel was unlicensed attorney; unauthorized practice of law not "fraud upon the court".][6]

---

[6] This is distinguished from "fraud upon the court," addressed by FRCP 60(d)(3)—however, Defendants have not cited that provision or made such an argument, even though it is hinted at in Defendant Crystal Nadeau's improper ex parte letter to the Court: Decl. of Crystal Blake Nadeau, Exh 1 Para. 3.  Fraud on the court occurs, though, when a lawyer or litigant perpetrates a fraud that affects the ability of the court or jury to function impartially; e.g., bribery of judge or juror. The fraud "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." [*Pumphrey v. K.W. Thompson Tool Co.* (9th Cir. 1995) 62 F3d 1128,

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

### 4. Defendants Fail to Demonstrate "Any Other Reason That Justifies Relief" [FRCP 60(b)(6)].

Defendants also mention, in passing, FRCP 60(b)(6), which would permit them to assert "[A]ny other reason that justifies relief."  This provision gives courts the power to set aside default judgments whenever *extraordinary circumstances* exist making relief necessary to accomplish justice. [*United States v. Alpine Land & Reservoir Co.* (9th Cir. 1993) 984 F2d 1047, 1049].  To justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances" suggesting the party is *faultless* in the delay; i.e., that *circumstances beyond the moving party's control* prevented it from taking timely action to protect its interests. [See *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership (1993)* 507 US 380, 392 ; *United States v. Alpine Land & Reservoir Co. (9th Cir. 1993)* 984 F2d 1047, 1049].  Defendants offer no explanation, much less evidence, regarding what "other reason" they think would justify relief.  Absent that, this is no basis for relief on this ground.

### B. DEFENDANTS FAIL TO ESTABLISH GROUNDS FOR DISMISSAL OF THIS ACTION UNDER F.R.C.P. 12(b)(2) or (5).

A motion to dismiss under FRCP 12(b) is a form of response to the summons and complaint (in lieu of answering), required to be filed within 21 days of service.  It thus presumes service of the summons and complaint.  Defendants motion under Rule 12(b), under the present circumstances, is therefore either untimely and premature, or must implicitly concede that service was valid (contrary to the thrust of their entire motion).  They cannot have it both ways.

Defendants cite FRCP12(b)(2) and 12(b)(5) as the basis for their motion.  FRCP 12(b)(2) asserts lack of personal jurisdiction; FRCP 12(b)(5) asserts

---

1131; *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.* (Fed. Cir. 1993) 12 F3d 1080, 1085].  There is no such showing by Defendants here.

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

1  "invalidity of service of process."

2  **Personal Jurisdiction.**  The Nadeaus concede that they and the LLC

3  defendants are domiciled in the State of California, and indeed within this District.

4  Their businesses (the three LLC defendants) were all organized, and exist(ed) under

5  California law, as California limited liability companies, each with their business

6  address of record with the California Secretary of State listed as the same address as

7  the Nadeaus' residence—2134 Coolcrest Avenue, Upland, California, the location

8  where all Defendants were served in 2018 by substituted service, and in December

9  2019, by personal service.  (DN 33-2, Exhs. J-N inclusive, P and Q).

10  A federal court can exercise general personal jurisdiction as to defendants

11  domiciled within the forum state at the time the action is commenced. [*Milliken v.*

12  *Meyer* (1940) 311 US 457, 462-463, 61 S.Ct. 339, 342-343; see also *J. McIntyre*

13  *Machinery, Ltd. v. Nicastro* (2011) 564 US 873, 880, 131 S.Ct. 2780, 2787 (plurality

14  opn.)].  A corporation will be deemed "domiciled" in its state of incorporation and

15  where it has its principal place of business. [*Goodyear Dunlop Tires Operations, S.A.*

16  *v. Brown* (2011) 564 US 915, 924, 131 S.Ct. 2846, 2853-2854—"paradigm forum

17  for the exercise of general jurisdiction" is place in which "corporation is fairly

18  regarded as at home" (i.e., place of incorporation and principal place of

19  business; *Daimler AG v. Bauman* (2014) 571 US 117, 139, 134 S.Ct. 746, 761, fn.

20  19]. If, as here, a plaintiff makes the requisite jurisdictional showing, the burden

21  shifts to the defendant to set forth a "compelling case" that the exercise of personal

22  jurisdiction "would not be reasonable." [*CollegeSource, Inc. v. AcademyOne, Inc.*

23  (9th Cir. 2011) 653 F3d 1066, 1076 (internal quotes and citation omitted); *see* ¶

24  3:116.5 ff.]

25  Although citing Rule 12(b)(2), Defendants make no suggestion, much less any

26  evidentiary showing, that there is no basis for personal jurisdiction over them in this

27  case; indeed, they concede (and Plaintiffs already established, and the Court can take

28  judicial notice of) all facts necessary to establish such jurisdiction.

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

If there is any question in the Court's mind as to personal jurisdiction, Plaintiffs request an evidentiary hearing to resolve the dispute. [*Philos Technologies, Inc. v. Philos & D, Inc.* (7th Cir. 2011) 645 F3d 851, 859].

**Validity of Service**.  The validity of the 2018 service of the summons and Complaint on Defendants, from a factual standpoint, is already addressed in detail elsewhere throughout this Opposition.  Defendants' scant discussion of Rule 12(b)(5) (Motion, pgs. 14-15) merely observes that, in an appropriate case, a court may alternatively dismiss without prejudice or quash service if it finds that service was not, in fact, effected.  As already demonstrated elsewhere herein, not only was service validly effected, here, but defendants have now already appeared in making this motion (including a request to quash subpoenas).[7]

## C. DEFENDANTS FAIL TO ESTABLISH A BASIS FOR QUASHING THE SUBPOENAS DUCES TECUM PERSONALLY SERVED UPON THEM IN DECEMBER 2019 UNDER F.R.C.P. 45 (d)(3).

FRCP 45 authorizes issuance of a subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things. [FRCP 45(a)(1)(A)(iii)].  The subpoena may command the nonparty to produce designated books, documents, electronically-stored information, or tangible things in that party's possession or control for inspection, copying, testing or sampling. (Indeed, in federal practice, this is the only method by which such matters may be obtained directly from a nonparty.) [FRCP 45(a)(1)(A)(iii)].  In this instance, assuming *arguendo* that Crystal and Jamon Nadeau (and their LLCs) had not been served, and that only one who has been served

---

[7] Interestingly, the one case from this District that Defendants cite, *Mineo Yoshida v. Daikokuya Co., Ltd.*, 2008 WL 11338257 (C.D. Cal. 2008) was an unreported decision, in a case in which it was asserted that there had been *personal service* (not substituted service), and the defendants had made a showing (including stamped passports), uncontradicted by the plaintiff, that the defendants had, on the alleged date of service, been physically outside the country, and not in California where they were allegedly personally served.

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

22

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

is a "party" to an action, they constituted (or certainly were tantamount to) "nonparties," as of December 2019, and there was nothing prohibiting the issuance of subpoenas to them as such. (Even if they were considered "parties," there is nothing prohibiting issuing a subpoena to a party, in lieu of a Rule 34 notice.)

The Nadeaus concede that they were personally served with the five subpoenas on December 22, 2019. The subpoenas called for production of documents and things on February 5, 2020. Any objections to the subpoenas had to be interposed no later than 14 days after service, therefore by January 5, 2020 [FRCP 45(d)(2)(B)]. Here, no objections were interposed at all, timely or otherwise. Failure to serve timely objections waives all grounds for objection, even including privilege. [*In re DG Acquisition Corp.* (2nd Cir. 1998) 151 F3d 75, 81—privilege against self-incrimination waived by delay; *Moon v. SCP Pool Corp.* (CD CA 2005) 232 FRD 633, 636; *Whitlow v. Martin* (CD IL 2009) 263 FRD 507, 510]. Defendants in the instant case produced none of the documents or things called for.

Although Defendants purport to move to quash the subpoenas under authority of FRCP 45(d)(3), they fail to establish any of the bases set forth in that rule. They did not timely, and do not now, demonstrate that the subpoenas (1) failed to allow reasonable time to comply, (2) required them to comply beyond geographical limits specified in Rule 45(c), (3) required disclosure of privileged or other protected matter, without exception or waiver, or (4) subjected them to undue burden—the grounds for mandatory quashing; nor that the subpoenas required disclosure of trade secret or other confidential research, development or commercial information, or disclosure of an unretained expert's opinion or information—the grounds for permissive quashing; nor did, or do, they seek or demonstrate entitlement to imposition of conditions upon production.

Accordingly, Defendants are not entitled to an order under FRCP 45(d)(3) quashing the subpoenas.

///

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

23

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

## D. ANY RELIEF FROM DEFAULT SHOULD BE
## CONDITIONAL.

Rule 60(b) provides that relief from a default judgment may be granted on "just terms." [FRCP 60(b).] Rule 55(c) has been interpreted likewise. [*Nilsson, Robbins et al. v. Louisiana Hydrolec* (9th Cir. 1988) 854 F2d 1538, 1546-1547]. The purpose is to rectify any prejudice to the non-defaulting party resulting from the default and delay … most commonly, the additional expenses in obtaining the default and the hearing on the motion for relief, and the introduction of new issues. [*Nilsson, Robbins et al. v. Louisiana Hydrolec,* supra, 854 F2d at 1546].

Thus, the court may order defendant to pay plaintiff's attorney fees and other costs incurred in entering the default or obtaining the default judgment. [*Nilsson, Robbins et al. v. Louisiana Hydrolec*, supra, 854 F2d at 1546-1547—"It is appropriate to condition setting aside a default upon the payment of a sanction"; *Turner v. Correctional Med. Services, Inc.* (D DE 2009) 262 FRD 405, 410—defendant granted relief from default judgment but required to pay plaintiff's costs in obtaining the judgment, submit to discovery and forfeit any motion to dismiss or other preliminary motion].

Additionally, a defendant may be required to post a bond to secure the amount of the default judgment pending a trial on the merits. [*Powerserve Int'l, Inc. v. Lavi* (2nd Cir. 2001) 239 F3d 508, 515-516; see also *Nilsson, Robbins et al. v. Louisiana Hydrolec*, supra, 854 F2d at 1546-1547].

The Court should order both conditions in this case, if it is inclined at all to grant Defendants motion, for whatever reason. As detailed in the Declaration of Alan G. Dowling, filed concurrently herewith (at Paras. 4-6), Defendants should be required to pay Plaintiffs' attorneys fees and costs in the sum of no less than $47,850.25 as a condition of such relief. Given the circumstances of this case, the failure of Defendants to demonstrate a meritorious defense, Defendants' own culpable behavior, and the demonstrable prejudice to Plaintiffs, Defendants should

24

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT

1   also be required to post a bond in the amount of no less than $153,256.61.

2        In addition to those conditions, it would not serve the interests of justice or

3   the goal of insuring a fair and efficient adjudication of this dispute to dismiss either

4   the Complaint or the action, even without prejudice, or to quash service, and require

5   Plaintiffs to undertake the additional expense, burdens and delay of effective

6   service yet again.  Rather, the Court  should, if granting Defendants any relief based

7   on disputed service of process, especially on this evidentiary record, deem these

8   Defendants to have been served and to have appeared, and simply set a reasonable

9   deadline for the filing of their answers to the Complaint.

10   **III.   CONCLUSION**

11        Defendants' motion for relief from default judgment is without merit or basis

12   in fact, untimely, and should be denied in all respects.  If for any reason, however,

13   the Court is inclined to grant the motion, such relief should be conditioned on

14   payment by Defendants of Plaintiffs' attorneys' fees and the requirement of a bond

15   or undertaking, as specified herein above.

16

17   Dated:     March 2, 2020          **ALAN G. DOWLING,**

18                                **A PROFESSIONAL CORPORATION**

19

20                             By:     /s/ *Alan G. Dowling*

21                                  Alan G. Dowling

22                             *Attorneys for Plaintiffs*

23                             *FRANCOIS & COMPANY, LLC,*
                          *THIERRY FRANCOIS & COMPANY, INC.,*
                          *and THIERRY FRANCOIS*

24

25

26

27

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

25

*Francois & Company, LLC v. Nadeau et al. – USDC, CD CA, 5:18-cv-00843-SJO-PLA___*
OPP OF PLTFS TO DEFS' MOT FOR RELIEF FROM FINAL JUDGMENT