# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS & COMPANY, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMON KIRT NADEAU, et al. <br> Defendants. | EDCV 18-843 DSF (PLAx) <br><br> Order re Subject Matter Jurisdiction |

 On April 10, 2020, the Court issued an order to show cause regarding possible dismissal for lack of subject matter jurisdiction.  The complaint fails to plead the citizenships of the LLC parties and, more significantly, "it appears from the allegations of the complaint that it is very likely that there is no diversity jurisdiction in this matter because one of the Plaintiffs is alleged to be a part 'owner' of one of the Defendant LLCs."

 The Court has reviewed Plaintiffs' response to the order to show cause and finds it unpersuasive.  Plaintiffs try to disavow Thierry Francois's membership in Defendant La Maison Mosaics, LLC ("LMM LLC"), but never explain how the disavowal is consistent with the allegations of the complaint.

 Most significantly, of course, is that the complaint consistently and repeatedly alleges that "Plaintiffs" or Francois were members of LMM LLC.[1]  In addition, the premise of the lawsuit is that at least one of the

---

[1] Plaintiffs suggest that Francois was a member of the Georgia La Maison Mosaics, LLC, but not the California La Maison Mosaics, LLC.  But they never explain how Francois would have lost his membership given that the

Plaintiffs was a member of LMM LLC.  At the very least, the claims for breach of fiduciary duty, concealment, and declaratory judgment only make sense if Francois (or another plaintiff) is a member of LMM LLC.  The relief requested for the declaratory judgment explicitly requests that the "sole remaining member" of LLM LLC be named "sole owner and manager" of LLM LLC.  Compl. ¶ 117.  Plaintiffs cannot assert ownership rights in LLM LLC for the purpose of the merits of the lawsuit while denying membership in LLM LLC in order to manipulate jurisdiction.[2]  While the jurisdictional questions do appear to be intertwined with the merits of the suit, it makes no sense to proceed with a case where if Plaintiffs' view of the case prevails, there will be no jurisdiction to enter judgment.

This case cannot proceed in federal court with Thierry Francois as a plaintiff and LLM LLC as a defendant.  Plaintiffs have indicated that they would potentially dismiss LLM LLC if LLM LLC was found to be non-diverse.  Therefore, Plaintiffs have until May 11, 2020 to dismiss LLM LLC or this case will be dismissed for lack of subject matter jurisdiction.  The Court expresses no opinion whether LLM LLC is an indispensable party under Federal Rule of Civil Procedure 19.

IT IS SO ORDERED.

Date: April 27, 2020

*Dale S. Fischer*
Dale S. Fischer
United States District Judge

---

Georgia LLC was converted to the California LLC – *i.e*, the California LLC is a continuation of the Georgia LLC.  Nor do they account for the allegations in the complaint that define LLM LLC as the California LLC and then repeatedly claim an ownership interest in "LLM LLC."

[2] Plaintiffs sometimes seem to try to draw a distinction between an "owner" and a "member" of an LLC but fail to explain how one could have a direct ownership interest in an LLC without being a member of the LLC.